IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00149-MSK-KLM

DEKESE PHOENIX SR.,

    Plaintiff,

v.

KINDRED HOSPITALS OPERATING INC., a Kentucky Corporation,
KINDRED HOSPITALS WEST L.L.C., doing business as Kindred Hospital-Denver 4665,
ANN EVANS,
DENNIS GONZALES,
KURT JOHNSON,
JOY JOHNSON,
JANICE OWOKONIRAN, and
MARGIE MUELLER,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Unopposed Partial Motion to Dismiss** [#32][1] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c)(3), the Motion has been referred to this Court for a recommendation regarding disposition. *See generally Memorandum* [#36]. The Court has reviewed the Motion, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#32] be **GRANTED**.

---

[1] "[#32]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

In the Motion, Defendants seek to dismiss two of Plaintiff's causes of action for lack of subject matter jurisdiction. *Motion* [#32] at 1-2. The parties agree that Plaintiff cannot assert these claims. *Id.* at 2. Further, to the extent the pro se Plaintiff did wish to oppose the Motion, his time to do so has elapsed. D.C.COLO.LCivR 7.1(d).

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motion [#32] be **GRANTED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 2, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge