IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00149-MSK-KLM

DEKESE PHOENIX SR.,

    Plaintiff,

v.

KINDRED HOSPITALS OPERATING INC., a Kentucky Corporation,
KINDRED HOSPITALS WEST L.L.C., doing business as Kindred Hospital-Denver 4665,
ANN EVANS,
DENNIS GONZALES,
KURT JOHNSON,
JOY JOHNSON,
JANICE OWOKONIRAN, and
MARGIE MUELLER,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** [#40][1] entered by the Court on July 22, 2014; **Defendants' Response to Order to Show Cause** [#44] ("Defendants' Response"); and **Plaintiff's Response to Order to Show Cause** [#47] ("Plaintiff's Response"). In the Order to Show Cause, the Court explained:

> Title VII "requires that persons aggrieved by the consequences and effects of the unlawful employment practice be, so far as possible, restored to a position where they would have been were it not for the unlawful discrimination," *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 582 (1984). However, it is not clear how the permanent injunction sought by

---

[1] "[#40]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

1

> Plaintiff would achieve that goal.  To the contrary, Plaintiff appears to ask the Court to go well beyond the impact of the discrimination he allegedly suffered to set policy and training parameters at Defendant Kindred Healthcare Operating Inc. and Defendant Kindred Hospitals West L.L.C.  Thus, the Court is not satisfied that the injunctive relief requested by Plaintiff is available or appropriate in this case.

*Order to Show Cause* [#40] at 2-3.  Therefore, the Court ordered "each Plaintiff and Defendant [to] show cause, in a writing filed with the Court on or before August 22, 2014, as to why the Court should not recommend that Plaintiff's request for injunctive relief be denied and/or dismissed." *Id.* at 3 (emphasis omitted).

On August 21, 2014, Defendants filed their Response [#44].  In Defendants' Response, Defendants state that they "concur with the Court's reasoning." *Defendants' Response* [#44] at 2.  Defendants also provide case law supporting their contention that "Plaintiff's requested injunctive relief is a generalized request to order Defendants to obey the law—and such injunctions are disfavored in this Circuit." *Id.*  They further "respectfully request the Court recommend dismissal of Plaintiff's request for injunctive relief." *Id.*

Plaintiff failed to file a response to the Order to Show Cause by the deadline set by the Court.  Taking into account Plaintiff's pro se status, the Court sua sponte extended his deadline to respond to the Order to Show Case to September 19, 2014. *Minute Order* [#45] at 3.

On September 19, 2014, Plaintiff filed his Response [#47].  In Plaintiff's Response, he "agrees to the dismissal of his request for injunctive relief against Defendants . . . ." *Plaintiff's Response* [#47] at 1.

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that Plaintiff's request for an injunction against Defendants that seeks to permanently enjoin

2

them (1) from engaging in discriminatory and retaliatory conduct and (2) requires then to allocate funding to training, to terminate or demote managers who violate company policies, to more strictly monitor "EEO compliance," and to create "a process for the prompt investigation of harassment and reprisal complaints separate from the 'Corporate' process," *Am. Compl.* [#5] at 24, be **DISMISSED with prejudice**[2] pursuant to Fed. R. Civ. P. 41(a)(2).

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

Dated: September 19, 2014

Kristen L. Mix
United States Magistrate Judge

---

[2] *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1151 (10th Cir. 2013) (the "district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint.") (internal modification omitted) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).